# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Ashley Brown | |
| | DOCKET NO: |
| Plaintiffs, | |
| v. | **JURY TRIAL** |
| THE COUNTY OF SALEM, JOHN S. CUZZUPE in his individual and official capacities JOHN DOES 1-50 | |
| | **COMPLAINT** |
| Defendant. | |

## INTRODUCTION

1. This matter should be related to Stevenson v. Salem County 1:22-cv-02138 (RBK)(SAK)

2. This is an individual claim seeking redress for the deprivation by Defendant of rights secured to the Plaintiff by the federal Constitution, the New Jersey Strip Search statute and New Jersey Constitution.  Plaintiff was admitted to the Salem County Jail on three separate occasions in the calendar years 2021-2022. She was classified as at-risk without ever having seen a medical professional.  Upon admission to the at-risk unit, she was required to wear a suicide gown, kept in isolation 23/7 and 24/7; never permitted to leave the unit; housed in a cell with a camera and; strip searched in a closed custody unit after already having been strip searched.

## PARTIES

3. Plaintiff Ashley Brown is a resident of Bridgeton, New Jersey.

4. Defendant County of Salem (the "County") is a county government organized and existing under the laws of the State of New Jersey. At all times relevant hereto, the County, acting through the Salem County Correctional Facility and its personnel and the personnel of the County, was responsible for the policies, practices, supervision, implementation and conduct of all matters pertaining to the center and was responsible for the appointment, training, supervision and conduct of all personnel, including those working in the Salem County Correctional Facility. In addition, at all relevant times, the County was responsible for enforcing the rules of the Correctional Facility and for ensuring that detention personnel obeyed the Constitution and laws of the United States and of the State of New Jersey.

5. John Cuzzupe being sued in his individual and official capacity is the most senior employee/officer/official with ultimate hiring and firing authority and the ability to make policy of the Salem County Jail under the oversight of the Salem County Board of Chosen Freeholders.

## FACTS

6. Defendants have a policy and practice to classify detainees as "at-risk" without a suicide prevention policy which is approved by its medical provider.

7. Defendants have a policy and practice to classify detainees as "at-risk" without

2

the involvement of medical professionals such as nurses.

8. Defendants have a policy and practice to classify detainees as "at-risk" through unqualified corrections staff.

9. Defendants have a policy and practice to classify detainees as "at-risk" which requires detainees to be housed in a closed custody unit where no one is permitted off the unit; required to wear a suicide gown; housed in a cell with a camera which broadcasts to 20 locations throughout the jail; which monitors are available for viewing live stream and retained video by corrections staff including cross-gender viewing and strip searched after being strip searched on the unit including multiple times per day.

10. Plaintiff was victimized by these policies and practices each time she was admitted to the "at-risk" unit on three separate occasions in the calendar years 2021-2022.

11. On each occasion upon admission Plaintiff was unlawfully classified as "at-risk" required to wear a suicide gown; housed in a cell with a camera which broadcasts to 20 locations throughout the jail; which monitors are available for viewing live stream and retained video by corrections staff including cross-gender viewing and strip searched after being strip searched on the unit including multiple times per day.

12. Plaintiff suffered severe emotional and psychological distress as a direct and proximate cause of Defendants' unlawful acts.

## CAUSES OF ACTION

### COUNT ONE
### Violation of Article 1 Paragraph Seven of the New Jersey Constitution/N.J.S.A. 2A:161A-1 et seq - Under Color of State Law – Strip Searching Non-Indictable detainees.  Plaintiff's individual claim

13. Plaintiff incorporate by reference and reallege each and every allegation stated in paragraphs 1 through 34.

14. New Jersey law prohibits strip searching detainees after admission to an "at-risk" unit.

15. The Fourth Amendment prohibits a second strip searching after an initial strip search in a closed custody unit.

16. Article 1 Paragraph 7 of the New Jersey Constitution prohibits a second strip searching after an initial strip search in a closed custody unit.

17. Salem County violated a settlement agreement in conducting these strip searches.

18. Salem County's excessive strip search policy and practice was done under color of state law.

19. This conduct on the part of Defendant represents a violation of 42 U.S.C.A. 1983 and the New Jersey Civil Rights Act N.J.S.A. 10:6-2 because the policy and/or custom of strip searching non-indictable detainees was undertaken under color of state law.

20.

## COUNT TWO

### DUE PROCESS

21. Plaintiff incorporates by reference and reallege each and every allegation stated in paragraphs 1 through 19.

22. Plaintiff has a Due Process right to be properly classified under N.J.A.C. 10A:31-13.24.

23. Defendants violated Plaintiffs Due Process rights by arbitrarily and capriciously classifying her as at risk.

24. Plaintiff suffered severe psychological distress, humiliation, dehumanization as a direct and proximate result.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff request that this Court grant them the following relief:

- A judgment against Defendant awarding compensatory damages;
- Punitive damages against the individual defendants;
- A declaratory judgment against Defendant declaring Salem County's policies, practices and customs to be unconstitutional and/or violations of their rights.
- A preliminary and permanent injunction enjoining Salem County from continuing the unconstitutional/illegal policies, practices and customs to be unconstitutional and/or violations of their rights.
- A monetary award for attorney's fees and the costs of this action.

All other relief which is just and proper.

## JURY TRIAL

Plaintiffs demand a jury as to all issues.

                                        Respectfully submitted

                                        *s/William Riback 013581994*
                                        WILLIAM RIBACK, LLC
                                        William Riback, Esquire  013581994
                                        Of Counsel Law Offices of Eric Shore
                                        1101 N. Kings Highway, Suite 210
                                        Cherry Hill, NJ 08034
                                        856/857-0008

                                        *s/ Kathleen Redpath-Perez 027172009*
                                        THE LAW OFFICES OF ERIC A. SHORE
                                        Kathleen Redpath-Perez, Esquire 027172009
                                        20 Brace Road, Suite 325
                                        Cherry Hill, NJ 08034
                                        Direct Dial: (856) 433-6174
                                        KathleenRp@ericshore.com