UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASHLEY BROWN, : | |
| : | |
| Plaintiff, : | Civ. No. 22-3739 (RBK) (EAP) |
| : | |
| v. : | |
| : | |
| COUNTY OF SALEM, et al., : | **OPINION** |
| : | |
| Defendants. : | |

**ROBERT B. KUGLER, U.S.D.J.**

I.     INTRODUCTION

Plaintiff, Ashley Brown ("Plaintiff" or "Brown"), is proceeding through counsel with a civil complaint against the County of Salem and John S. Cuzzepe (collectively the "Defendants") based on incidents occurring while she was housed at the Salem County Jail. Presently pending before this Court is Defendants' motion to dismiss Plaintiff's original complaint based on a lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (*See* ECF 3). Plaintiff has filed a motion to file an amended complaint. (*See* ECF 6). For the following reasons, Plaintiff's motion to amend is granted and Defendants' motion to dismiss is denied.

II.     FACTUAL BACKGROUND

Plaintiff's factual allegations arise from strip searches to her person when she was housed at the Salem County Jail. Plaintiff names the County of Salem and John S. Cuzzepe as the most senior person to make policy for the Salem County Jail as Defendants. She brought a federal original complaint expressly raising counts under the New Jersey Constitution, New Jersey Statutory Law and Due Process. (*See* ECF 1 at 4-5). Plaintiff also alluded to Fourth Amendment violations under the United States Constitution. (*See* ECF 1 at 4).

Defendants have moved to dismiss the original complaint. (*See* ECF 3). Defendants make two arguments in their motion; more specifically; (1) this Court lacks subject matter jurisdiction over the original complaint; and (2) the complaint should be dismissed based on *forum non conveniens* grounds. Plaintiff then filed a motion to file an amended complaint. (*See* ECF 6). Defendants oppose the motion to amend claiming this Court continues to lack subject matter jurisdiction. (*See* ECF 10 at 1). Additionally, Defendants assert any amendment would be futile because Plaintiff's counsel recently filed a class action arising from strip searches at Salem County Jail during the same period as Plaintiff's purported incidents. (*See id.* at 1-2). Plaintiff filed a reply in support of her motion to amend noting the federal constitutional provisions included and alluded to in the original and now proposed amended complaint. (*See* ECF 12). As to Defendants' futility argument, Plaintiff states that "[t]he real issue Salem County raises is whether this case should or must be stayed pending denial of class certification or on the basis of an opt-out. [¶] Plaintiff will file a motion to consolidate/intervene so the Court may timely decide this issue." (*See id.* at 2-3). However, to date, Plaintiff has done neither.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of an action for lack of subject matter jurisdiction. A Rule 12(b)(1) motion may challenge jurisdiction based on the face of the complaint - a facial attack - or its existence in fact - a factual attack. *See Helton v. United States*, No. 22-1815, 2022 WL 17496016, at *1 (3d Cir. Dec. 8, 2022) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016)). A facial attack contests the sufficiency of the pleading and the court must view the factual allegations in the complaint in the light most favorable to plaintiff. *See Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). "[A] facial attack calls for a district court to apply the same standard of review it would use in

considering a motion to dismiss under Rule 12(b)(6), i.e., construing the alleged facts in favor of the nonmoving party." *Id.* Defendants' motion to dismiss in this case involves a facial attack to Plaintiff's original complaint.

The standard to amend one's complaint is liberal. Indeed, Federal Rule of Civil Procedure 15(a)(2) states that "the court should freely give leave when justice so requires." However, "the decision to grant leave remains within the discretion of the District Court." *See 257 Elizabeth Ave., LLC. v. Cont'l Cas. Co.*, No. 12-4091, 2016 WL 452311 (D.N.J. Feb. 5, 2016) (quoting *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993) (internal quotations omitted))). Where "it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party[,]" the Court retains the discretion to deny a request to amend. *See Fraser v. Nationwide Mutual Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003).

In this case, Defendants assert that any amendment to the original complaint would be futile. "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citation omitted). "In assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* (citations omitted).

### IV. DISCUSSION

#### A. Motion to Amend

This Court will analyze Plaintiff's motion to amend first as it somewhat impacts how this Court analyzes Defendants' motion to dismiss.

Defendants first argue this Court should deny the motion to amend because the Court lacks subject matter jurisdiction. However, this Court has subject matter jurisdiction in this case.

Plaintiff's proposed amended complaint clearly brings this action at least in part arguing that her federal constitutional rights were violated (as did her original complaint) by referring to Fourth Amendment and Due Process violations. This is sufficient to raise a federal question for jurisdiction. *See Smith v. Levine*, No. 22-6391, 2022 WL 18399612, at *1 (D.N.J. Dec. 15, 2022) (citiaton omitted) ("Federal question jurisdiction exists if the claims arise from a "right or immunity created by the Constitution or laws of the United States."); *see also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Defendants next argue that the proposed amended complaint is futile because Plaintiff's counsel filed a class action complaint in this Court related to strip searches at Salem County Jail occurring at the same time as Plaintiff's allegations. (*See* ECF 10 at 2). Thus, Defendants argue Plaintiff should proceed with her individual complaint there. (*See* ECF 10 at 2). However, this argument does not show that Plaintiff's proposed amended complaint is futile. As detailed above, that standard requires Defendants to show that Plaintiff's proposed amended complaint fails to state a claim upon which relief may be granted. Furthermore, Plaintiff's counsel indicated he intends to file a motion to intervene/consolidate in the class action in any event. This Court therefore rejects this additional futility argument by Defendants. Accordingly, in accordance with Local Civil Rule 15.1(a), Plaintiff shall be ordered to file the amended complaint within seven (7) days as her Motion to Amend will be granted.

B. Motion to Dismiss

Defendants moved to dismiss Plaintiff's original complaint. (*See* ECF 3). However, an amended complaint generally moots a motion to dismiss an original complaint. *See Caredx, Inc. v. Natera, Inc.,* No. 19-567, 2020 WL 8186462, at *1 (D. Del. Mar. 13, 2020) (citing *Pippett v.*

*Waterford Dev., LLC*, 166 F. Supp. 2d 233, 236 (E.D. Pa. 2001)). Nevertheless, for purposes of completeness, this Court will briefly discuss the issues raised by Defendants in their motion to dismiss the original complaint.

First, Defendants argue that this Court lacks subject matter jurisdiction because there is no federal question presented. As noted above, however, Plaintiff has adequately raised a federal question by bringing claims under the United States Constitution.

Next, Defendants assert the doctrine of *forum non conveniens*. They claim a more convenient forum would be the New Jersey Superior Court in Salem County because that is where a previous settlement agreement related to strip searches from the jail occurred. *Forum non conveniens* grants relief to a defendant "when an alternative forum has jurisdiction to hear the case, and when trial in the chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to the plaintiff's convenience." *Delta Air Lines, Inc. v. Chimet, S.p.A.*, 619 F.3d 288, 294–95 (3d Cir. 2010) (citation omitted).

Dismissal of this case based on *forum non conveniens* is not appropriate. Indeed, Salem County is close to this federal court vicinage in Camden County. *See, e.g.*, *Kenny v. Denbo*, No. 16-8578, 2017 WL 65540, at *3 (D.N.J. Jan. 5, 2017) (rejecting *forum non conveniens* arguments where federal court is in the same county as federal court); *see also Roman-Huertas v. Hosp. Episcopal San Lucas Guayama* (D.P.R. Mar. 3, 2020) ("It is difficult, if not impossible, to envision a case where application of *forum non conveniens* analysis would lead to the conclusion that a State court is a more convenient forum for the parties than a Federal court located in the same State or territory of the United States."). Accordingly, for the foregoing reasons, Defendants' motion to dismiss the original complaint will be denied.

## V.     CONCLUSION

For the foregoing reasons, Plaintiff's motion to amend is granted and Defendant's motion to dismiss is denied. An appropriate order will be entered.


DATED: March 1, 2023                                          s/ Robert B. Kugler
                                                              ROBERT B. KUGLER
                                                              United States District Judge